UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
                                          )
Senator RICHARD BLUMENTHAL,               )
Representative JOHN CONYERS, JR.,         )
*et al.*,                                 )
                                          )
      *Plaintiffs*,                       )
                                          )
   v.                                     )       Civil Action No.
                                          )       17-1154 (EGS)
                                          )
DONALD J. TRUMP, in his official          )
capacity as President of the              )
United States,                            )
                                          )
      *Defendant*.                        )
———————————————————————— )

STANDING ORDER GOVERNING CIVIL CASES BEFORE
JUDGE EMMET G. SULLIVAN

      This Standing Order governs all civil cases assigned to
Judge Emmet G. Sullivan. All counsel and *pro se* litigants are
**HEREBY ORDERED** to comply with this Standing Order. Failure to
comply with this Standing Order may result in the imposition of
sanctions when appropriate.

1. **Local Rules**

      Counsel and *pro se* litigants are expected to comply with
      the Local Civil Rules of this Court. The Rules are
      available online at http://www.dcd.uscourts.gov/court-
      info/local-rules-and-orders/local-rules or in paper copy
      upon request from the Clerk's Office.

**2. Service of Standing Order**

If this Standing Order is entered on the docket prior to
the appearance of defendant(s), the plaintiff(s), except
for *in forma pauperis* plaintiffs, shall ensure that all
parties receive a copy of this Standing Order by serving
it with the Complaint, or providing it promptly following
service of the Complaint.

**3. Communications with Chambers**

    a. Ex parte communication with Judge Sullivan – either
      directly or through his law clerks – is
      inappropriate. ***Chambers does not accept ex parte
      telephone calls***.

    b. Parties are to communicate with the Court in writing
      by motion, opposition, and reply; not by letter or
      telephone call. This includes, but is not limited
      to, inquiries regarding the status or scheduling of
      any pending matter, or inquiries regarding the
      clarification of Court Orders.

    c. In an **extraordinary circumstance** or **actual
      emergency**, counsel may contact chambers via
      telephone **only if all counsel/*pro se* parties are on
      the call.** If all parties are not on the call in such
      a circumstance, the parties shall contact Mr. Mark
      Coates, the Courtroom Deputy Clerk, at (202) 354-

3364, or if he is unavailable, the staff person in the Clerk's Office designated as his substitute.

d. Documents may not be sent via facsimile or email to chambers unless expressly requested by the Court. In that circumstance, the parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, at (202) 354-3364, or if he is unavailable, the staff person in the Clerk's Office designated as his substitute, for instructions.

**4. Case Management/Electronic Case Files (CM/ECF) System**

Chambers does not assist with questions regarding CM/ECF; inquiries shall be directed to the CM/ECF Help Line at (202354-3190.

**5. Removed Actions**

A defendant removing an action to this Court must refile as a supplement to the petition any answer and must promptly ensure that all parties receive a copy of this Standing Order. Any pending motion at the time of removal must be refiled in this Court by the party seeking relief for the motion to be considered. *See* Fed. R. Civ. P. 81(c)(2).

**6. Courtesy Copies**

a. Unless otherwise ordered, when any filing numbers 50 pages or more in total length, including exhibits, the

party making the filing shall have delivered to
Chambers two (2) printed courtesy copies via overnight
mail or hand delivered to the Courthouse loading dock
located at the corner of 3rd and C Streets, NW. The
courtesy copies must include the headers added by the
Case Management/Electronic Case Files (CM/ECF) System
and be submitted in binders, three-hole punched, with
single-sided pages. Exhibits shall be tabbed and
indexed for ease of reference. *Pro se*, *in forma
pauperis*, and incarcerated plaintiffs are excused from
providing courtesy copies.

b. For filings that do not exceed 50 pages or more in
total length, courtesy copies shall not be submitted
to Chambers unless ordered by the Court. *See also*
"Motions Generally" below.

**7. Amended Submissions**

Any amended submissions shall be accompanied by a redline
comparison of the original and amended pleading.

**8. Motions to Dismiss**

a. Federal Rule of Civil Procedure 15(a) allows a
plaintiff to amend a complaint, *inter alia*, within
21 days of the defendant's service of a motion to
dismiss pursuant to Rule 12(b), (e) or (f). The

Advisory Committee Notes to the 2009 Amendment

explain the purpose of this rule:

> This provision will force the pleader to
> consider carefully and promptly the
> wisdom of amending to meet the arguments
> in the motion. A responsive amendment may
> avoid the need [for the Court] to decide
> the motion or reduce the number of issues
> to be decided, and will expedite
> determination of issues that otherwise
> might be raised seriatim. It also should
> advance other pretrial proceedings.

Plaintiffs are therefore **DIRECTED** to carefully

consider arguments raised in a motion to dismiss and

correct defects through an amended complaint as

allowed under Rule 15(a).

b. If a motion to dismiss presents matters outside of

the pleadings, it may be converted to a motion for

summary judgment. In this situation, all parties

must comply with the instructions set forth below

regarding motions for summary judgment.

**9. Meet and Confer Report**

a. The parties shall meet and confer as required by

Federal Rule of Civil Procedure 26(f) and Local

Civil Rule 16.3. Unless otherwise ordered by the

Court, by no later than 30 days after any defendant

has filed an answer, or by no later than 14 days

after the Court resolves any motion brought pursuant

to Federal Rule of Civil Procedure 12(b), the
parties shall submit to the Court a report and a
proposed scheduling order as required by Local Civil
Rule 16.3. In addition to reporting on the matters
required by Local Civil Rule 16.3, counsel shall
include in their report a brief statement of the
case. In considering what form of alternative
dispute resolution the parties think the case most
suited to, counsel are reminded that among their
options are mediation, arbitration, early neutral
evaluation, summary jury trial, or any other form of
alternative dispute resolution which can be tailored
to the needs of their case.

b. The Court will issue a separate order in cases
exempt from Local Civil Rule 16.3.

## 10.  Discovery Disputes

Before involving the Court in a discovery dispute, the
parties must confer in good faith to attempt to resolve
the dispute between themselves. If the parties are unable
to resolve the discovery dispute, they shall jointly
contact Mr. Mark Coates, the Courtroom Deputy Clerk, at
(202) 354-3364, or if he is unavailable, the staff person
in the Clerk's Office designated as his substitute, to
arrange for a telephone conference with the Court. The

conference will be held on the record. The parties shall not file any motions relating to a discovery dispute without leave of the Court. The Court may refer discovery disputes to a Magistrate Judge for resolution.

**11.  Motions for Extension of Time**

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Absent extenuating circumstances, motions for a continuance or other scheduling change must be filed three business days prior to the scheduled hearing or other deadline and must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties may be denied.

**12.  Motions Generally**

a. <u>Format</u>. All submissions to the Court shall be single-sided (when printed), double spaced, and use 12-point Times New Roman font and one inch page margins.

b. <u>Tables</u>. Every memorandum of points and authorities that is ten pages or longer must contain a table of contents and table of authorities, regardless of whether it is in support of or in opposition to a motion.

c. <u>Indexes</u>. Every submission that attaches more than one exhibit shall contain an index of exhibits.

**13. Motions for Summary Judgment Not Solely Based on Review of the Administrative Record**

a. Pursuant to Local Civil Rule 7(h)(1), the moving party shall include a separate document entitled **Statement of Material Facts Not in Dispute**. This document shall be formatted as a two-column table. In the left column, the moving party shall list in separately numbered rows concise statements of each material fact it contends is not in dispute, supported by appropriate citations to the record. The statement must contain only one undisputed factual assertion per numbered row.

b. Following the filing of this document with the Court, the moving party shall promptly provide an electronic copy in editable format to the opposing party.

c. In response, the opposing party shall file a separate document entitled **Counter-Statement of Disputed Facts**. The opposing party shall indicate in the right column whether each corresponding fact in the left column is admitted or denied, and for those denied, provide appropriate citations to the record. If the fact is admitted in part and denied in part,

the opposing party shall specifically identify which parts are admitted and which are denied, with appropriate citations to the record.

d. If the opposing party has additional facts that are not directly relevant to its response to a specific paragraph, it must identify such facts in consecutively numbered rows in the right hand column at the end of its responsive statement of facts.

e. At the end of the **Counter-Statement of Disputed Facts**, the opposing party shall list the material facts as to which the opposing party contends there is a genuine issue of material fact for trial.

f. Following the filing of this document with the Court, the opposing party shall promptly provide an electronic copy in editable format to the moving party.

g. In response, the moving party shall file a separate document entitled **Reply to Counter-Statement of Disputed Facts,** responding with appropriate citations in the left column to the additional facts.

h. The parties are cautioned that failure to comply with this requirement may result in the denial of the motion without prejudice or may result in the

Court concluding that facts are not properly
controverted and thus undisputed.

i. Sample statements are provided in the Attachment to
this Standing Order.

**14. Settlement**

Counsel shall promptly notify the Court if a case
settles in whole or in part. Upon receipt of a notice
of settlement that is not accompanied by a stipulation
of dismissal, the Court may dismiss the case subject
to a motion for reconsideration by a date certain.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            July 14, 2017**