IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Senator RICHARD BLUMENTHAL,
Representative JOHN CONYERS, JR., *et al.*,

        Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America,

        Defendant.

Civil Action No. 17-1154 (EGS)

**MOTION FOR LEAVE TO FILE BRIEF OF FEDERAL JURISDICTION AND
CONSTITUTIONAL LAW SCHOLARS AS *AMICI CURIAE*
IN SUPPORT OF PLAINTIFFS**

Corey W. Roush (D.C. Bar #466337)
G. Michael Parsons, Jr. (D.C. Bar #1021454)
1333 New Hampshire Ave. NW
Washington, D.C. 20036-1564
TEL: 202.887.4000
FAX: 202.887.4288

*Counsel for Amici Curiae*

# INTRODUCTION

Professors Matthew I. Hall, Thomas Campbell, Erwin Chemerinsky, Perry Dane, Frank Deale, Robin Effron, Heather Elliott, Jamal Greene, Aziz Huq, Gregory Magarian, Jon D. Michaels, Sandra L. Rierson, Eric J. Segall, Joan E. Steinman, Emily Garcia Uhrig, and Arthur D. Wolf hereby move, through the undersigned counsel, for leave to file the accompanying *amicus* brief (attached hereto as Exhibit A) in the above-captioned case in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss (ECF No. 17). Plaintiffs consent to the filing of this brief, and Defendant takes no position. In the absence of objection, and for the reasons stated below, *amici* respectfully request that the Court accept their brief and deem it filed.

# NATURE OF MOVANTS' INTEREST

*Amici* are professors of law who teach and publish in the areas of federal jurisdiction, standing, and constitutional law:

- Matthew I. Hall, Associate Professor of Law, University of Georgia School of Law
- Thomas Campbell, Professor of Law, Chapman University Dale E. Fowler School of Law
- Erwin Chemerinsky, Dean and Jesse H. Choper Distinguished Professor of Law, University of California, Berkeley School of Law
- Perry Dane, Professor of Law, Rutgers University Law School–Camden
- Frank Deale, Professor of Law, City University of New York School of Law
- Robin Effron, Professor of Law, Brooklyn Law School
- Heather Elliott, Alumni, Class of '36 Professor of Law, University of Alabama School of Law
- Jamal Greene, Dwight Professor of Law, Columbia Law School
- Aziz Huq, Frank and Bernice J. Greenberg Professor of Law, University of Chicago Law School

1

Gregory Magarian, Professor of Law, Washington University School of Law

Jon D. Michaels, Professor of Law, University of California, Los Angeles School of Law

Sandra Rierson, Associate Professor of Law, Thomas Jefferson School of Law

Eric J. Segall, Kathy and Lawrence Ashe Professor of Law, Georgia State University College of Law

Joan E. Steinman, University Distinguished Professor of Law, Chicago-Kent College of Law

Emily Garcia Uhrig, Professor of Law, University of the Pacific, McGeorge School of Law

Arthur D. Wolf, Director of the Institute for Legislative & Governmental Affairs and Professor of Law, Western New England University School of Law

*Amici* have a professional interest in the proper and coherent development of the law as it relates to legislative standing and justiciability. They bring a perspective informed by more than 342 combined years of teaching, research, and writing focused on the important questions of constitutional interpretation raised by this case.

**ARGUMENT**

This Court has "'inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure.'" *Youming Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting *Smith v. Chrysler Fin. Co.*, No. 00-6003 (DMC), 2003 U.S. Dist. LEXIS 1798, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003)). As such, the Court has "broad discretion" in deciding whether to allow parties to participate as *amicus curiae*. *See Nat'l Ass'n of Home Builders v. United States Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). A non-party's motion may be granted, for example, when "movants have a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid [the Court] in the resolution of th[e] case." *Ellsworth Assocs. v. United States*, 917 F.

Supp. 841, 846 (D.D.C. 1996); *see also Newark Branch, NAACP. v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (noting that *amici* "serve[] only for the benefit of the court, assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision" (quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974)).

In this case, *amici* seek to assist the Court by drawing on their extensive study of and familiarity with the legal arguments and scholarly commentary that bear on Plaintiffs' Article III standing and the Court's jurisdiction over the claims raised. *Amici* hope to aid the Court in three ways. First, in light of the underdeveloped and complex state of the law with respect to legislative standing—and the effectively nonexistent state of the law with respect to claims arising from the Foreign Emoluments Clause—*amici*'s scholarship on and analysis of these topics can provide "a complete and plenary presentation of [these] difficult issues" and a helpful framework that the Court may find useful in considering and resolving the difficult questions presented in this case. *Newark Branch*, 940 F.2d at 808 (quoting *Alexander*, 64 F.R.D. at 155).

Second, by situating the questions raised in this case within the broader context of Article III standing jurisprudence, *amici* hope to encourage the development of a consistent and principled approach to this critical constitutional threshold. Standing doctrine continues to undergo meaningful evolution,[1] and the legislative standing case law should develop in harmony with the principles and purposes underlying Article III standing generally.

---

[1] For example, in recent years, the Supreme Court has grown markedly more skeptical of courts relying on "prudential" grounds to dispose of claims properly before them. *Compare Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004) (describing the generalized-grievances, zone-of-interests, and third-party standing tests as part of "prudential standing"), *with Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.3, 1386-88 (2014)

3

Finally, *amici* share a concern that Defendant's Motion to Dismiss (ECF No. 15) misconstrues Supreme Court and D.C. Circuit case law regarding the legislator standing doctrine. Defendant's interpretation of the law raises profound problems of constitutional construction by effectively reading the Constitution's Cases and Controversies Clause into conflict with the Constitution's Foreign Emoluments Clause.

*Amici* respectfully submit that their brief will assist the Court in resolving the threshold question of justiciability in this important case, and that their brief should therefore be accepted. *Amici* do not request permission to participate in any oral argument on the pending motion.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that they be granted leave to file the attached *amicus* brief in support of Plaintiffs.

Dated: November 2, 2017              Respectfully Submitted,

/s/ Corey W. Roush
Corey W. Roush (D.C. Bar #466337)
G. Michael Parsons, Jr. (D.C. Bar #1021454)
1333 New Hampshire Ave. NW
Washington, D.C. 20036-1564
TEL: 202.887.4000
FAX: 202.887.4288

*Counsel for Amici Curiae*

---

(describing the generalized grievances as part of Article III standing, the zone-of-interests as a cause-of-action issue, and third-party standing limitations as "harder to classify").

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2017, I caused a true and correct copy of the foregoing to be served on all counsel of record through the Court's CM/ECF system.

/s/ Corey W. Roush
Corey W. Roush