IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Senator RICHARD BLUMENTHAL,
Representative JOHN CONYERS, JR.,
et al.,

                *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity as
President of the United States,

               *Defendant.*

No. 17-cv-1154 (EGS)

**MOTION OF FORMER GOVERNMENT ETHICS OFFICERS
FOR LEAVE TO FILE AMICI CURIAE E-BRIEF SUPPORTING
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Thomas C. Goldstein
  Bar No. 458365
Tejinder Singh
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Ave.
Suite 850
Bethesda, MD 20814
(202) 362.0636
tgoldstein@goldsteinrussell.com

Pursuant to this Court's Standing Order, Federal Rule of Civil Procedure 7, and Local Civil Rule 7(o), a group of former government ethics officers respectfully move this Court for leave to file the enclosed amicus curiae hyperlinked e-brief supporting the plaintiffs' opposition (ECF No. 17) to defendant's motion to dismiss (ECF No. 15). In support, amici state as follows:

1. Amici are eleven former government ethics officers:

Don Fox – Former Office of Government Ethics (OGE) General Counsel and Acting Director (career; also served at the Department of Defense in career legal capacity)

Marilyn Glynn – Former OGE Acting Director and General Counsel (career)

Karen Kucik – Former ethics official for DOJ, Department of Commerce, and Department of Health & Human Services (career)

Lawrence D. Reynolds – Former Assistant General Counsel for the Department of Housing and Urban Development with responsibility for ethics (career; also served at the Department of Labor in career ethics capacity)

Amy Comstock Rick – Former Director of the Office of Government Ethics; former Associate Counsel to President Clinton for ethics (originally career ethics official at Department of Education)

Walter Shaub – Former Director of the U.S. Office of Government Ethics (Senate-confirmed, Presidential appointee), former Deputy General Counsel for OGE (career), former supervisory attorney for OGE (career), former staff attorney for OGE

Trip Rothschild – Former Associate General Counsel at the Nuclear Regulatory Commission

Richard M. Thomas – Former Associate General Counsel, Office of Government Ethics; Former Ethics Counsel, Department of Health and Human Services

Kathleen Whalen – Former Associate Counsel to President Clinton for ethics (originally career ethics official at the Department of Commerce)

Harvey Wilcox – Former Navy Deputy General Counsel (career) and Designated Agency Ethics Official

Leslie Wilcox – Former Associate General Counsel for OGE (career), and principal author of the Standards of Ethical Conduct for Employees of the Executive Branch (5 CFR Part 2635)

2 Amici have a strong interest in this case. They have decades of experience applying ethical rules in the real world, under administrations of both parties. Throughout their service, in

addition to advising their agencies about ethical considerations generally, they have also given advice about the Foreign Emoluments Clause, observing firsthand how the clause works. They submit this brief to explain how the clause is implemented in practice, and to highlight the pertinence of interpretive guidance already issued by the executive and legislative branches on the clause's modern meaning. Many of the amici also filed a brief supporting the plaintiffs in *Citizens for Responsibility and Ethics in Washington v. Trump*, No. 17-cv-00458-GBD (S.D.N.Y.), a case about both the Foreign and Domestic Emoluments Clauses, which was accepted by the court.

    3. An amicus brief is desirable because amici have amassed substantial experience interpreting and applying ethical rules, including the Foreign Emoluments Clause, and the insights gained from that experience may be useful to the Court as it interprets the clause. Amici urge a reading of the clause that is broad enough to achieve the clause's anti-corruption purpose, but flexible enough to avoid creating practical problems for government employees. This reading both reflects and follows naturally from legal interpretations already issued by various government agencies. The parties are not focused to the same degree on the government's existing legal interpretations and their implications for the proper application of the Foreign Emoluments Clause in this case. The amicus brief thus makes a valuable contribution to the debate about the meaning of the Foreign Emoluments Clause, and sheds important light on how the clause works in practice.

    4. On November 2, 2017, amici submitted a motion (ECF No. 21) seeking leave to file an amicus brief in support of the plaintiffs' opposition to the motion to dismiss in the above-captioned case, with an amicus brief and proposed order attached to that motion.

5. Pursuant to this Court's July 14, 2017, minute order, amici are now filing this motion with an attached e-brief containing hyperlinks to cited briefs and authorities.

6. Plaintiffs consented to the filing of the brief submitted on November 2, 2017. Defendant stated that he takes no position.

For the foregoing reasons, leave to file the amicus hyperlinked e-brief should be granted. A proposed order is enclosed with this motion.

        Respectfully submitted,

        s/Thomas C. Goldstein

        Bar No. 458365
        Tejinder Singh
        GOLDSTEIN & RUSSELL, P.C.
        7475 Wisconsin Ave.
        Suite 850
        Bethesda, MD 20814
        (202) 362.0636
        tgoldstein@goldsteinrussell.com

## CERTIFICATE OF SERVICE

I certify that on November 28, 2017, I caused a true and correct copy of the foregoing motion and its exhibit to be served on counsel of record for all parties through the Court's CM/ECF System.

s/Thomas C. Goldstein