## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Senator RICHARD BLUMENTHAL,
Representative JERROLD NADLER, *et al.*,

       Plaintiffs,

     v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America,

       Defendant.

Civil Action No. 17-1154 (EGS)

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully notify the Court of the recent decision in *District of Columbia v. Trump*, No. 17-1596 (PJM) (D. Md. Mar. 28, 2018), a case in which the District of Columbia and the State of Maryland are challenging President Trump's violations of the Domestic and Foreign Emoluments Clauses of the U.S. Constitution.  A copy of the decision is attached as Exhibit A.

The district court denied in part the President's motion to dismiss the suit, holding that the plaintiffs have standing to challenge "the involvement of the President with respect to the Trump International Hotel in Washington, D.C. and its appurtenances and any and all operations of the Trump Organization with respect to the same." Ex. A at 47.  At the same time, the court granted in part the motion to dismiss without prejudice, holding that the plaintiffs lack standing to challenge "constitutional violations by the President involving operations of the Trump Organization outside the District of Columbia from which the President may receive personal benefits." *Id.* at 46-47.  Finally, the court deferred ruling on the arguments in the President's motion to dismiss "regarding the meaning of the Emoluments Clauses and whether Plaintiffs have otherwise stated claims under the Clauses." *Id.* at 47.

In the course of its decision, the district court concluded, *inter alia*, that "a plaintiff may bring claims to enjoin unconstitutional actions by federal officials and that they may do so to prevent violation of a structural provision of the Constitution," *id.* at 42, that "the requested injunctive or declaratory relief would [not] violate the separation of powers doctrine," *id.* at 35, that "[t]he political question doctrine does not impede court action in this case," *id.* at 45, and that "[a] plain reading of the Foreign Emoluments Clause compels the conclusion that receiving emoluments . . . is impermissible unless and until Congress consents," *id.* at 46.

Dated:  April 5, 2018                    Respectfully submitted,

                                         /s/ Brianne J. Gorod
                                         Brianne J. Gorod

                                         Elizabeth B. Wydra (DC Bar No. 483298)
                                         Brianne J. Gorod (DC Bar No. 982075)
                                         Brian R. Frazelle (DC Bar No. 1014116)
                                         CONSTITUTIONAL ACCOUNTABILITY CENTER
                                         1200 18th Street, N.W., Suite 501
                                         Washington, D.C. 20036
                                         (202) 296-6889
                                         elizabeth@theusconstitution.org
                                         brianne@theusconstitution.org

                                         *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2018, the foregoing document was filed with the Clerk of

the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: April 5, 2018

/s/ Brianne J. Gorod
Brianne J. Gorod