IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, Representative JERROLD NADLER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States of America, <br><br> Defendant. | Civil Action No. 17-1154 (EGS) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of the recent decision in *District of Columbia v. Trump*, No. 17-1596 (D. Md. July 25, 2018). A copy of the decision is attached as Exhibit A.

The district court denied the President's motion to dismiss the suit, "insofar as it pertains to the claims which the Court has [previously] determined Plaintiffs have standing to pursue, viz., that the President may have violated the Foreign and Domestic Emoluments Clauses of the Constitution insofar as he is involved, directly or indirectly, with the Trump International Hotel in Washington, D.C." Ex. A at 51; *see id.* at 2 n.4 (reiterating that the plaintiffs lack standing to pursue violations beyond the hotel). The court held that the plaintiffs "have stated viable claims for relief under both the Foreign and Domestic Emoluments Clauses," having "plausibly alleged that the President has been receiving or is potentially able to receive 'emoluments' from foreign, the federal, and state governments in violation of the Constitution." *Id*. at 51.

In reaching its decision, the district court concluded, *inter alia*, that "the President holds an 'Office of Profit or Trust under [the United States]' and, accordingly, is subject to the restrictions contained in the Foreign Emoluments Clause," *id*. at 15, that "the common understanding of the

1

/

term 'emolument' during the founding era was that it covered any profit, gain, or advantage, including profits from private transactions," *id*. at 30, that "executive branch precedent and practice [are] overwhelmingly consistent with [the] Plaintiffs' expansive view of the meaning of the term 'emolument,'" *id*. at 42, and that the plaintiffs therefore plausibly stated a claim by alleging "that foreign governments or their instrumentalities have patronized the Trump International Hotel [and] that the President has received or potentially could receive the profits derived from these foreign governments through his ownership of the Hotel," *id*. at 48-49.

The district court also concluded that favorable regulatory decisions by government entities can plausibly qualify as "emoluments." *See id*. at 49-50 (holding that the plaintiffs stated a claim under the Domestic Emoluments Clause by alleging that the President's Washington, D.C., hotel "received an emolument from the Federal Government in the form of the GSA Lease, which governs the Hotel's use of the Old Post Office Building in the District of Columbia"); *cf*. Am. Compl. ¶¶ 44-51, 66, *Blumenthal, et al. v. Trump* (D.D.C. Aug. 15, 2017) (alleging violations of the Foreign Emoluments Clause based on favorable regulatory decisions by foreign government entities).

Dated:  July 27, 2018

Respectfully submitted,

/s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 27, 2018, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: July 27, 2018

            <u>/s/ Brianne J. Gorod</u>
            Brianne J. Gorod