IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, Representative JERROLD NADLER, *et al.*,<br><br>                      Plaintiffs,<br><br>              v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America,<br><br>                      Defendant. | Civil Action No. 17-1154 (EGS) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully provide the Court with additional information about the decision in *Cummings v. Murphy*, No. 17-2308 (D.D.C. Aug. 14, 2018). The President attached the decision to his Notice of Supplemental Authority filed on August 15, 2018. *See* Docket No. 56-1.

Consistent with the Plaintiffs' arguments here, the district court in *Cummings* recognized that individual legislators can have standing in their official capacities when their votes have been completely nullified: "Complete vote nullification is clearly a type of an institutional injury sufficient to support legislator standing." Op. at 18 (citing *Raines v. Byrd*, 521 U.S. 811, 826, 829 (1997)). Significantly, the plaintiffs in *Cummings* did not allege that any of their votes were nullified, either through the disregarding of a past vote or through the denial of a future vote. *Id*. at 26 ("Vote nullification is not at issue here."). Instead, they argued that they were legally injured by the General Services Administration's noncompliance with a statute, 5 U.S.C. § 2954, that requires the production of documents. That is why the district court was forced to determine "whether vote nullification is the *only* type of institutional injury that grants *individual legislators* standing." Op. at 18. The district court ultimately concluded that members of

Congress may be able to establish standing even beyond the context of vote nullification, *id.* at 29, but held that the claim alleged in *Cummings* was not sufficient to establish a new form of institutional injury, *id.* at 31-32.

Thus, to the extent the district court's reasoning bears on the questions in this case, it supports the Plaintiffs and rebuts the President's assertions that "the denial of institutional legislative prerogative is not a judicially cognizable injury." Def. Mem. at 1 (Docket No. 15-1).[1]

Dated:  August 20, 2018                           Respectfully submitted,

/s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

*Counsel for Plaintiffs*

---

[1] Notably, the Department of Justice acknowledged in *Cummings* that "a legislator plaintiff may have standing either (1) to vindicate rights owed to him personally, or (2) to contend that his vote has been completely nullified." Def. Reply Mem. at 2, *Cummings v. Murphy* (D.D.C. Feb. 22, 2018); *accord* Def. Mem. at 17, *Cummings v. Murphy* (D.D.C. Jan. 8, 2018). That acknowledgment contrasts with the position the Department has taken in this case—that legislators can sue for private injuries, but not for institutional injuries asserted in their official capacities: "[T]he fundamental standing problem the Court identified in *Raines* was that the Members' injury had been suffered in their official capacities—just like the injury Plaintiffs allege here. Specifically, the *Raines* Court tied the Members' lack of standing to the fact that they claimed a loss of political power not in a 'private capacity' but 'solely because they are Members of Congress.'" Def. Suppl. Brief at 4 (Docket No. 51) (quoting *Raines*, 521 U.S. at 821); *accord* Def. Mem. at 1 (Docket No. 15-1) ("[T]he Supreme Court held that legislators do not have Article III standing based on 'a claimed injury to official authority or power.'" (quoting *Raines*, 521 U.S. at 826)); Def. Reply Mem. at 4 (Docket No. 28).

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2018, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: August 20, 2018

<u>/s/ Brianne J. Gorod</u>
Brianne J. Gorod
