**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, Representative JERROLD NADLER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States of America, <br><br> Defendant. | Civil Action No. 17-1154 (EGS) |

## **LOCAL RULE 16.3 REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, Plaintiffs and Defendant respectfully submit this joint report outlining the parties' discovery plan, agreements reached between the parties, matters upon which the parties disagree, and proposed scheduling orders.

On Tuesday, May 21, 2019, counsel for Plaintiffs and counsel for Defendant conferred by telephone, and this report reflects the results of that discussion.

**I.      STATEMENT OF CLAIMS AND DEFENSES**

Plaintiffs' Statement: Plaintiffs, members of the United States Senate and the United States House of Representatives, bring this action against President Donald J. Trump to obtain relief from the President's continuing violation of the Constitution's Foreign Emoluments Clause, which provides that "no Person holding any Office of Profit or Trust under [the United States] shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State." Plaintiffs allege that President Trump, by virtue of his financial interest in business holdings around the world that engage in dealings

1

with foreign governments and receive benefits from those governments, has been accepting "Emolument[s]" and/or "present[s]" from "foreign State[s]" in violation of the Clause.  To redress that injury, Plaintiffs seek declaratory relief establishing that Defendant violates the Constitution when he accepts any monetary or nonmonetary benefit—any "present, Emolument, Office, or Title, of any kind whatever"—from a foreign state without first obtaining "the Consent of the Congress."  Plaintiffs also seek injunctive relief ordering Defendant not to accept any such benefits from a foreign state without first obtaining "the Consent of the Congress."

Defendant's Statement: Defendant denies that he has violated or is violating the Foreign Emoluments Clause.  It is Defendant's position that Plaintiffs lack standing to pursue their claim, lack a cause of action under the Foreign Emoluments Clause, and have not asserted interests protected by the Clause.  Further, the Court has no power to grant the equitable relief requested against Defendant in his official capacity.

## II.     DISCOVERY PLAN

Plaintiffs' Statement: Because the President is accepting foreign-government benefits through his global business empire, Plaintiffs plan to focus discovery on those-third party businesses.  Plaintiffs anticipate the need for document discovery and depositions of the Trump Organization and other corporations, limited liability companies, and partnerships in which the President has an ownership interest.  This discovery will seek to determine which of these entities are accepting foreign-government benefits of the various types identified in Plaintiffs' complaint: (1) intellectual property rights, (2) payments for rooms and events at hotels and golf clubs, (3) payments derived from real estate holdings, (4) licensing fees, and (5) regulatory benefits. Plaintiffs anticipate the need for additional document discovery from these entities, as well as banks and other financial institutions, to determine how funds from those entities are then deposited in the Donald J. Trump Revocable Trust.  Plaintiffs may also need additional limited

discovery related to the Donald J. Trump Revocable Trust and the President's financial documents to determine whether President Trump is currently receiving funds from the Trust, or if he is receiving funds from his business enterprises through other means. Finally, Plaintiffs may need to serve limited interrogatories on Defendant to identify initial sources for third-party subpoenas.

<u>Defendant's Statement</u>: Defendant does not currently intend to seek discovery from Plaintiffs but may seek discovery from third parties concerning their responses to Plaintiffs' subpoenas.

### III.   LOCAL RULE 16.3 MATTERS

The parties hereby report to the Court on the 16 matters listed in Local Rule 16.3, as follows:

**1.   *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.***

The parties agree that all of the issues in this case can be resolved through the filing of cross-motions for summary judgment. The parties do not agree on whether discovery should proceed at this time, but if discovery does proceed, the parties agree that discovery should precede the filing of cross-motions for summary judgment, and the parties agree on the schedule for filing such motions, as outlined in Item 6 below.

The parties disagree as to whether discovery should await a decision on the pending motion for § 1292(b) certification for interlocutory appeal, as described below.

<u>Plaintiffs' Statement</u>: As set out more fully in Plaintiffs' Opposition to Defendant's Motion for a Stay, Defendant cannot satisfy the requirements for a stay pending interlocutory appeal. Given that the President is already more than halfway through his current term in office, halting

discovery while the President pursues an appeal will frustrate any chance of resolving this case before the completion of the President's current term. If the President succeeds in running out the clock, an entire presidential term will have gone by with the nation's highest officeholder making countless foreign policy decisions while under a cloud of potentially divided loyalty and compromised judgment caused by his enrichment from foreign states. Plaintiffs' case must be allowed to move forward.

<u>Defendant's Statement</u>:   The President has moved for a stay of all proceedings pending resolution of his motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). He has further requested that if the Court grants the § 1292(b) motion, it should also stay all district court proceedings pending appeal. As the President has argued in connection with his § 1292(b) motion, this case presents the unprecedented circumstance of impending civil discovery against the sitting President of the United States concerning his compliance with a constitutional provision in his official capacity. Because no court has ever permitted civil discovery under such circumstances and because any discovery, particularly discovery concerning the President's financial information, would necessarily be a distraction to the President's performance of his constitutional duties, separation-of-powers principles strongly counsel in favor of a stay of all proceedings while the Court considers the § 1292(b) motion, and if that motion is granted, pending appeal.

**2.     *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.***

The parties agree that any additional parties shall be joined and any amendment of the pleadings shall occur by June 20, 2019.

Although the parties are not currently able to narrow the factual and legal issues in the case, they agree that they will work to stipulate to as many facts as possible in order to expedite the resolution of this matter.

**3.** *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties agree that this case should not be assigned to a magistrate judge for any purpose.

**4.** *Whether there is a realistic possibility of settling the case.*

The parties agree that there is not a realistic possibility of settling this case.

**5.** *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties agree that the Court's ADR procedures will not assist in resolving the issues in this case.

**6.** *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The parties agree that this case can be resolved by the filing of cross-motions for summary judgment. The parties agree as follows: Plaintiffs will file their motion for summary judgment no later than 30 days after the close of discovery; Defendant will file his opposition and cross motion for summary judgment 30 days after Plaintiffs' motion; Plaintiffs will file their opposition and reply 21 days after Defendant's motion; and Defendant will file his reply 14 days after Plaintiffs' opposition.

7. *Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

    A.    **Extent, Duration, Limits, and Date for Completion of Discovery**

<u>Plaintiffs' Statement:</u>  Plaintiffs propose that fact discovery should begin on June 28, 2019, and close no later than September 27, 2019.  Consistent with Plaintiffs' opposition to Defendant's motion for a stay, Plaintiffs maintain that discovery should not be delayed pending this Court's resolution of Defendant's motion for interlocutory appeal, or during any appeal.  Plaintiffs do not plan to seek any information from the executive branch.  The limited discovery that Plaintiffs may need to direct toward the President himself—concerning his personal financial records and to identify initial sources for third-party subpoenas—will require, at most, a marginal amount of the President's time, and far less than what the Supreme Court unanimously approved in *Clinton v. Jones*, 520 U.S. 681 (1997).  While President Trump is being sued in his official capacity to prevent him, as a federal officeholder, from committing future violations of the Foreign Emoluments Clause, his alleged violations of the Clause—and Plaintiffs' proposed discovery—all concern his private behavior, not his performance of any of the unique responsibilities assigned to the President of the United States.  Plaintiffs' proposed discovery, therefore, is analogous to that in *Jones* (though less burdensome), and completely unlike the discovery in *Cheney v. U.S.*

*Dist. Court for D.C.*, 542 U.S. 367 (2004), which implicated "the operation of the Office of the President" because it directed "the Vice President and other senior officials in the Executive Branch to produce information about a task force established to give advice and make policy recommendations to the President," *id*. at 387, 372.

Defendant's Statement:  Consistent with the President's motion for interlocutory appeal and for a stay, the President believes that this Court should first resolve the pending motion for interlocutory appeal before any discovery proceeds.  And, if the Court grants the President's motion, discovery should be stayed pending appeal.  That is, fact discovery should not commence unless the Court denies the motion for interlocutory appeal.  Given Plaintiffs' representation that most of the discovery will be directed at third parties, the President does not currently take a position on the appropriate length of Plaintiffs' proposed discovery period.

Plaintiffs have indicated that they will serve interrogatories on the President to identify third parties, and will also seek discovery concerning the President's financial information from the President and the Donald J. Trump Revocable Trust.  Such discovery constitutes discovery against the President in his official capacity because the President is subject to the Foreign Emoluments Clause only in his official capacity.  Civil discovery against a sitting President in his official capacity necessarily implicates significant separation of powers concerns.  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–82, 389–90 (2004).  The Supreme Court has made clear that discovery directed to the President in civil litigation should be strictly circumscribed because of the significant separation of powers concerns that would arise and the public interest in protecting Presidential confidentiality and ensuring energetic performance of his constitutional duties.  *See id.* at 381–82.  Accordingly, no discovery against the President in his official capacity should be permitted, and the Court's scheduling order should so state.

**B.      Protective Order**

If discovery proceeds, the parties further agree that a protective order may be necessary to protect confidential information produced during any discovery, and the parties will propose a protective order for the Court's review as appropriate.

**9.      *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

If discovery proceeds, the parties agree that an agreement establishing a protocol for the discovery of electronically stored information may be necessary in this matter, but it will be easier to determine the need for, and appropriate terms of, such a protocol after discovery requests are served.  Should the parties determine that a protocol is necessary, the parties will meet and confer to agree on the appropriate protocol.

**10.      *Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.***

If discovery proceeds, the parties intend to meet and confer regarding whether privilege logs are necessary and appropriate, and if so, the appropriate privilege log protocols.  And the parties will further propose a Fed. R. Evid. 502 Order for this Court's approval.

**11.      *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.***

The parties do not anticipate that expert discovery will be necessary.

**12.** *In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Because this is not a class action, this item is not applicable.

**13.** *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties do not believe that any bifurcation of discovery is necessary, and the parties do not anticipate a need for trial.

**14.** *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

Should any issues remain after this Court's decision on the cross-motions for summary judgment, the parties agree that a pretrial conference should occur no later than 30 days after this Court's summary judgment decision.

**15.** *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the Court should, if necessary, set a trial date at the pretrial conference.

**16.** *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties do not believe that any other matters need to be addressed in a scheduling order.

## IV. PROPOSED SCHEDULING ORDER

Plaintiffs' Proposed Scheduling Order is attached as Exhibit 1.

Date: May 28, 2019

/s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

*Counsel for Plaintiffs*

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Jean Lin*
JEAN LIN
Special Counsel
JAMES R. POWERS
BRADLEY P. HUMPHREYS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Phone: (202) 514-3716
Fax: (202) 616-8202
Email: jean.lin@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: May 28, 2019

/s/ Brianne J. Gorod
Brianne J. Gorod

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, Representative JERROLD NADLER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States of America, <br><br> Defendant. | Civil Action No. 17-1154 (EGS) |

## PLAINTIFFS' PROPOSED SCHEDULING ORDER

Upon consideration of the parties' joint report to the Court following their conference held under Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, it is hereby ORDERED that:

1. The deadline by which any other parties shall be joined or the pleadings amended shall be June 20, 2019.

2. Fact discovery shall commence on June 28, 2019, and shall be completed by September 27, 2019.

3. The parties have advised the Court that they believe that all issues in the case can be resolved by the filing of cross-motions for summary judgment. Plaintiffs shall file their motion for summary judgment no later than 30 days after the close of discovery; Defendant shall file his opposition and cross-motion for summary judgment 30 days after Plaintiffs' motion; Plaintiffs shall file their opposition and reply 21 days after Defendant's motion; and Defendant shall file his reply 14 days after Plaintiffs' opposition.

      4.      If needed, a pre-trial conference shall be had before the Court no later than 30 days after the Court's decision on the parties' cross-motions for summary judgment.  Counsel who will try the case must attend.  The Court will set a trial date at the pre-trial conference.  A pretrial statement shall be filed and served by each party at least 14 days before the conference in the manner prescribed by Local Rule 16.5.

      5.      This Order shall control the course of this action unless modified by subsequent Order.

      SO ORDERED.

Date:  June ___, 2019                                 _____
                                                                             Hon. Emmet G. Sullivan
                                                                             United States District Judge