# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Senator RICHARD BLUMENTHAL,
Representative JERROLD NADLER, *et al.*,

                Plaintiffs,

            v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America,

                Defendant.

Civil Action No. 17-1154 (EGS)

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
## IN OPPOSITION TO DEFENDANT'S MOTION FOR A STAY

Plaintiffs respectfully request leave to file a three-paragraph surreply in opposition to Defendant's motion for a stay (Dkt. No. 71). Plaintiffs' counsel have conferred with Defendant's counsel, who oppose this motion.

President Trump's motion for a stay identified no legal standard for granting that relief. *See* Mot. 19-21 (Dkt. No. 71-1). His reply brief now argues that the standard Plaintiffs discussed in their opposition is "plainly inapplicable here." Reply 2 (Dkt. No. 77). Inexplicably, the President does not acknowledge that the standard he now claims is "erroneous[]" and "plainly inapplicable," *id*. at 1-2, is the same standard he recently cited as the applicable one in the same situation in a similar case. *See* Mot. at 25, *District of Columbia v. Trump*, No. 17-1596 (D. Md. Aug. 17, 2018) (Dkt. No. 127) (citing *Nken v. Holder*, 556 U.S. 418 (2009), as providing the applicable test); Mot. at 30, *In re Donald Trump*, No. 18-2486 (4th Cir. Dec. 17, 2018) (Dkt. No. 3-1) (same).

The proposed surreply, attached as Exhibit A, concisely responds to the President's belated discussion of the applicable legal standard, which appeared for the first time in his reply and which

directly contradicts the position he recently took in an identical situation. *See Nyambal v. Mnuchin*, 245 F. Supp. 3d 217, 221 (D.D.C. 2017) (leave to file a surreply is appropriate if "the reply filed by the moving party raised new arguments that were not included in the original motion" (quoting *Gebretsadike v. Travelers Home & Marine Ins. Co.*, 103 F. Supp. 3d 78, 86 (D.D.C. 2015))); *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011) ("[T]he decision to grant or deny leave to file a surreply is committed to the sound discretion of the court."); *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants such motions when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001))).

Dated: June 3, 2019

Respectfully submitted,

/s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: June 3, 2019

/s/ Brianne J. Gorod
Brianne J. Gorod

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Senator RICHARD BLUMENTHAL,
Representative JERROLD NADLER, *et al.*,

              Plaintiffs,

              v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America,

              Defendant.

Civil Action No. 17-1154 (EGS)

**PLAINTIFFS' SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION FOR A STAY**

President Trump's motion for a stay identified no legal standard for granting that relief, *see* Mot. 19-21 (Dkt. No. 71-1), and his reply brief now argues that the standard Plaintiffs discussed in their opposition is "plainly inapplicable here," Reply 2 (Dkt. No. 77). Inexplicably, the President does not acknowledge that the standard he now claims is "erroneous[]" and "plainly inapplicable," *id*. at 1-2, is the same standard he recently cited as the applicable one in the same situation in a similar case. *See* Mot. at 25, *District of Columbia v. Trump*, No. 17-1596 (D. Md. Aug. 17, 2018) (Dkt. No. 127) (citing *Nken v. Holder*, 556 U.S. 418 (2009), as providing the applicable test); Mot. at 30, *In re Donald Trump*, No. 18-2486 (4th Cir. Dec. 17, 2018) (Dkt. No. 3-1) (same). The only explanation for this change in position is that the President now realizes he cannot satisfy the stringent *Nken* test.

The President is also wrong. To start, while the President characterizes his motion as a general request to stay "proceedings," he is obviously seeking to stay the effect of this Court's orders denying his motion to dismiss. "[T]he operation and effect of [those] orders," *Wisc. Gas*

1

*Co. v. FERC*, 758 F.2d 669, 672 (D.C. Cir. 1985), is to initiate discovery, *see, e.g.*, Standing Order ¶ 9(a) (Dkt. No. 12), and this "operation and effect" is precisely what the President seeks to stay. Moreover, the authority to stay proceedings described in *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), is used primarily in situations where *independent* proceedings bear on a case's outcome. *See Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 172 (D.D.C. 2011) ("A trial court has broad discretion to stay all proceedings in an action pending the resolution of *independent proceedings elsewhere*." (emphasis added)). That was true in *Landis* and in nearly every case the President cites. By contrast, where a party seeks to stay the effect of an order pending appeal of that order, "the traditional stay factors" apply. *Nken*, 556 U.S. at 426.

In any event, a stay is unwarranted even under *Landis*. For the same reasons discussed in Plaintiffs' opposition, the President has not "ma[d]e out a clear case of hardship or inequity in being required to go forward," nor has he satisfied his "burden of making out the justice and wisdom of a departure from the beaten track." *Landis*, 299 U.S. at 255-56. The *Landis* standard, if anything, expands this Court's discretion, and the Court should not use that discretion to give the President *de facto* immunity for his constitutional violations by delaying resolution of this case.

Dated: June 3, 2019

Respectfully submitted,

/s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Senator RICHARD BLUMENTHAL,
Representative JERROLD NADLER, *et al.*,

        Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America,

        Defendant.

Civil Action No. 17-1154 (EGS)

## [Proposed] ORDER

Upon consideration of Plaintiffs' motion for leave to file a surreply in opposition to Defendant's motion for a stay, it is hereby

ORDERED that the motion is GRANTED.

SO ORDERED.

Date: June ___, 2019

        _____
        Hon. Emmet G. Sullivan
        United States District Judge