IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, Representative JERROLD NADLER, *et al.*, <br><br>     Plaintiffs, <br><br>     v. <br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, <br><br>     Defendant. | Civil Action No. 17-1154 (EGS) |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR A STAY**

  President Trump's motion for a stay identified no legal standard for granting that relief, *see* Mot. 19-21 (Dkt. No. 71-1), and his reply brief now argues that the standard Plaintiffs discussed in their opposition is "plainly inapplicable here," Reply 2 (Dkt. No. 77). Inexplicably, the President does not acknowledge that the standard he now claims is "erroneous[]" and "plainly inapplicable," *id*. at 1-2, is the same standard he recently cited as the applicable one in the same situation in a similar case. *See* Mot. at 25, *District of Columbia v. Trump*, No. 17-1596 (D. Md. Aug. 17, 2018) (Dkt. No. 127) (citing *Nken v. Holder*, 556 U.S. 418 (2009), as providing the applicable test); Mot. at 30, *In re Donald Trump*, No. 18-2486 (4th Cir. Dec. 17, 2018) (Dkt. No. 3-1) (same). The only explanation for this change in position is that the President now realizes he cannot satisfy the stringent *Nken* test.

  The President is also wrong. To start, while the President characterizes his motion as a general request to stay "proceedings," he is obviously seeking to stay the effect of this Court's orders denying his motion to dismiss. "[T]he operation and effect of [those] orders," *Wisc. Gas*

1

*Co. v. FERC*, 758 F.2d 669, 672 (D.C. Cir. 1985), is to initiate discovery, *see, e.g.*, Standing Order ¶ 9(a) (Dkt. No. 12), and this "operation and effect" is precisely what the President seeks to stay. Moreover, the authority to stay proceedings described in *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), is used primarily in situations where *independent* proceedings bear on a case's outcome. *See Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 172 (D.D.C. 2011) ("A trial court has broad discretion to stay all proceedings in an action pending the resolution of *independent proceedings elsewhere*." (emphasis added)). That was true in *Landis* and in nearly every case the President cites. By contrast, where a party seeks to stay the effect of an order pending appeal of that order, "the traditional stay factors" apply. *Nken*, 556 U.S. at 426.

In any event, a stay is unwarranted even under *Landis*. For the same reasons discussed in Plaintiffs' opposition, the President has not "ma[d]e out a clear case of hardship or inequity in being required to go forward," nor has he satisfied his "burden of making out the justice and wisdom of a departure from the beaten track." *Landis*, 299 U.S. at 255-56. The *Landis* standard, if anything, expands this Court's discretion, and the Court should not use that discretion to give the President *de facto* immunity for his constitutional violations by delaying resolution of this case.

Dated: June 3, 2019                     Respectfully submitted,

/s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

*Counsel for Plaintiffs*