**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
Senator RICHARD BLUMENTHAL,     )
et al.,                         )
                                )
            Plaintiffs,          )
                                )
        v.                       )Civil Action No. 17-1154 (EGS)
                                )
DONALD J. TRUMP, in his official )
capacity as President of the     )
United States,                   )
                                )
            Defendant.           )
_____)
```

**MEMORANDUM OPINION AND ORDER**

The Court has issued two previous Opinions in this case. In its September 28, 2018 Opinion, the Court held that plaintiffs, approximately 201 Members of the 535 Members of the United States Senate and House of Representatives, had standing to sue defendant Donald J. Trump in his official capacity as President of the United States ("the President") for alleged violations of the Foreign Emoluments Clause ("the Clause"). *See Blumenthal v. Trump*, 335 F. Supp. 3d 45, 72 (D.D.C. 2018). In its April 30, 2019 Opinion, the Court held that: (1) the term "Emolument" is broadly defined as any profit, gain, or advantage; (2) plaintiffs stated a plausible claim against the President for violations of the Clause; (3) plaintiffs have a cause of action to seek injunctive relief to prevent the President's violations of the Clause; and (4) the relief plaintiffs seek—an

injunction against the President—is constitutional. *See*

*Blumenthal v. Trump*, 373 F. Supp. 3d 191, 207, 211, 212 (D.D.C.

2019).

Pending before the Court are the President's motions for

certification for interlocutory appeal of the Court's September

28, 2018 Order, ECF No. 60;[1] and April 30, 2019 Order, ECF No.

71-1. The President also moves to stay proceedings while the

Court considers the motions and pending appeal if the Court

grants them. *Id*. at 25. Upon careful consideration of the

President's motions, the oppositions and replies thereto, and

for the reasons explained below, the Court **DENIES** the

President's motions.[2]

A District Court may certify an interlocutory order for

immediate appeal if the judge is "of the opinion that such order

involves [1] a controlling question of law [2] as to which there

is substantial ground for difference of opinion and [3] that an

immediate appeal from the order may materially advance the

---

[1] The President filed his first motion for certification of
interlocutory appeal before the Court had ruled on all the
issues the President raised in his motion to dismiss the
complaint. To conserve judicial resources, the Court declined to
consider the first motion until it had ruled on all the issues
raised in the motion to dismiss as the ruling could have
rendered the motion for certification of interlocutory appeal
moot. The President's argument in his initial brief that the
Court of Appeals could render a quick decision on the single
issue of standing, Def.'s Reply, ECF No. 62 at 4, is therefore
moot.
[2] The Court thanks *amici* for their submission.

ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Through section 1292(b), "Congress ... chose to confer on

District Courts first line discretion" and "circumscribed

authority to certify for immediate appeal interlocutory orders

deemed pivotal and debatable." *Swint v. Chambers County Comm'n,*

514 U.S. 35, 46, 47 (1995). The availability of immediate appeal

of interlocutory orders subject to the requirements of section

1292(b) is an "exception to the firm final judgment rule

governing federal courts." *Trout v. Garrett*, 891 F.2d 332, 335

(D.C. Cir. 1989). Accordingly, a party seeking certification

pursuant to section 1292(b) must meet a high standard to

overcome the "strong congressional policy against piecemeal

reviews, and against obstructing or impeding an ongoing judicial

proceeding by interlocutory appeals." *United States v. Nixon,*

418 U.S. 683, 690 (1974). "Although courts have discretion to

certify an issue for interlocutory appeal, . . . interlocutory

appeals are rarely allowed [and] the movant 'bears the burden of

showing that exceptional circumstances justify a departure from

the basic policy of postponing appellate review until after the

entry of final judgement.'" *Virtual Def. and Dev. Int'l, Inc. v.*

*Republic of Moldova,* 133 F. Supp. 2d 9, 22 (D.D.C. 2001) (citing

*First Am. Corp. v. Al-Nahyan,* 948 F. Supp. 1107 (D.D.C. 1996)).

Finally, "[t]he moving party bears the burden of establishing

all three elements" of the provisions of section 1292(b). *U.S.*

*House of Representatives v. Burwell*, No. 14-1967, 2015 WL
13699275, at *1 (D.D.C. Oct. 19, 2015) (citing *Nat'l Cmty.
Reinvestment Coal. v. Accredited Home Lenders Holding Co.,* 597
F. Supp. 2d 120, 121 (D.D.C. 2009)); *see also Butler v.
DirectSat USA, LLC,* 307 F.R.D. 445, 452 ("Unless *all* of the
statutory criteria are satisfied . . . 'the district court may
not and should not certify its order . . . under section
1292(b).'") (citing *Ahrenholz v. Bd. of Trs. of the Univ. of
Ill.*, 219 F.3d 674, 676 (7th Cir.)).

The President contends that the Court's Orders involve four
controlling questions of law: (1) whether plaintiffs have
standing to sue, Def.'s Statement of P. & A. in Supp. of Mot.
for Certification ("Def.'s Br.") ECF No. 60-1 at 8[3]; (2) whether
plaintiffs have an equitable cause of action; (3) whether the
Court can order the declaratory and injunctive relief sought;
and (4) the meaning of the Clause, Def.'s Suppl. Br. in Supp. of
His Mot. ("Def.'s Suppl. Br."), ECF No. 71-1 at 10.

Despite bearing the burden of establishing all three
elements of section 1292(b), the President has made little
effort to demonstrate the third element—that "an immediate
appeal from the [Court's Orders] may materially advance the

---

[3] When citing electronic filings throughout this Memorandum
Opinion and Order, the Court cites to the ECF header page
number, not the original page number of the filed document.

ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The President contends that this element is met because there

are substantial grounds for difference of opinion as to whether

plaintiffs have standing to sue and if the Court was reversed on

this issue, the case would be terminated for lack of

jurisdiction. Def.'s Br., ECF No. 60-1 at 23. The President also

states that "[r]esolution of either of the two threshold

justiciability questions [whether plaintiffs have standing to

sue and whether plaintiffs have an equitable cause of action] in

the President's favor would terminate this suit. And if the

Court of Appeals agrees with the President's interpretation of

the Foreign Emoluments Clause, the case would be substantially

narrowed, if not over." Def.'s Suppl. Br., ECF No. 71-1 at 7.

But as plaintiffs point out, if reversal by the Court of

Appeals were the standard for meeting this element of the

section 1292(b) test, "every denial of a defendant's dispositive

motion would merit an interlocutory appeal." Pls.' Opp'n, ECF

No. 61 at 12 (citing *Educ. Assistance Found. v. United States*,

No. 11-1573, 2014 WL 12780253, at *3 (D.D.C. Nov. 21, 2014)

("Any immediate appeal under an interlocutory order *could* affect

the conduct of litigation and avoid unnecessary litigation.").

Furthermore, the President's "contention that certification of

this Court's Orders for interlocutory appeal will materially

advance this litigation necessarily assumes that [he] will

prevail on appeal." *Judicial Watch Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 28 (D.D.C. 2002).

To determine whether the third element has been met, the Court considers whether an immediate appeal "would *likely* and *materially* advance the ultimate determination" of the litigation. *Educ. Assistance Found.,* 2014 WL 12780253, at *3 (quoting *McKenzie v. Kennickell*, No. 73-0974, 1986 WL 32653, at *2 (D.D.C. Oct. 27, 1986); *see also Burwell*, 2015 WL 13699275, at *1 (noting that the third element was not satisfied where the case could be "decided in a matter of months—likely before an interlocutory appeal could even be decided"). The Court also considers whether "[a]n immediate appeal would conserve judicial resources and spare the parties from possibly needless expense." *APCC Services Inc. v. AT&T Corp.,* 297 F. Supp. 2d 90, 100 (D.D.C. 2003).

Here, the parties agree that all of the issues in this case can be resolved on cross motions for summary judgment. *See* Local Rule 16.3 Report, ECF No. 75 at 3. Plaintiffs have proposed a three month time period for discovery commencing June 28, 2019 and concluding September 27, 2019. *Id.* at 6. The President states that "fact discovery should not commence unless the Court denies the motion for interlocutory appeal," *id.* at 7, and the parties agree on a proposed briefing schedule that would be complete within another three months, *id.* at 5.

The parties agree, therefore, that discovery will conclude

and cross motions for summary judgment will be fully briefed

within six months. Once the cross motions are ripe, the Court

will be able to resolve them expeditiously thereby terminating

the case. In view of this abbreviated discovery and briefing

schedule, the President has not "carried [his] burden of

demonstrating that interlocutory appeal of this question at this

point in time would materially advance the litigation as a

whole." *Judicial Watch*, 233 F. Supp. 2d at 29. This discovery

and briefing schedule stands in stark contrast to cases in this

district where Courts have found the moving party to have met

the burden of establishing the third element of the section

1292(b) test. For example, in *Molock v. Whole Foods Market*

*Group*, Judge Mehta observed that "[d]iscovery in this case, in

its present form, promises to be drawn out, complex, and

expensive" and that "[t]he potential time and expense of

obtaining such discovery is staggering." 317 F. Supp. 3d 1, at

*7 (D.D.C. 2018). In *APCC Services Inc.*, Judge Huvelle found the

third element of the section 1292(b) test to be satisfied in

protracted litigation where discovery had been ongoing "more

than four years after the filing of the suit" and where the

significant costs of discovery were expected to "exceed any

possible damages award." 297 F. Supp. at 100.

The President asserts that "'[w]hen there are substantial grounds for difference of opinion as to a court's subject matter jurisdiction, courts regularly hold that immediate appeal may materially advance the ultimate termination of the litigation.'" Def.'s Br., ECF No. 60-1 at 23 (quoting *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 55 (D.D.C. 2009)) (citing *APCC Services Inc.,* 297 F. Supp. 2d at 109 and *Lemery v. Ford Motor Co*., 244 F. Supp. 2d 720, 728 (S.D. Tex. 2002)). This Court does not read the cited cases to support such a broad proposition and finds the facts here to be distinguishable. The Court has explained Judge Huvelle's reasoning in *APCC Services Inc*. for finding this element to have been satisfied *supra,* and in *Lemery*, the Court found this element to be satisfied with little analysis in a products liability case where there would be protracted discovery at "tremendous expense." 244 F. Supp. 2d at 728. Neither situation is the case here. Furthermore, although in each case, the question for certification involved a jurisdictional issue, that was not the sole reason the Court found this element to be satisfied and for granting the motion.

The President also argues that the cases plaintiffs cite in support of their argument actually support his position because each of the cases was in a late stage and "certain to conclude in relatively short order through a resolution of summary judgment motions or a brief trial." Def.'s Reply, ECF No. 62 at

5. The Court disagrees that the cases provide support for the
President's position. Rather, these cases are more similar to
the situation here, where even though discovery has not begun,
it will be scheduled to conclude and cross motions for summary
judgment to be fully briefed within six months. *See Burwell*,
2015 WL 13699275 at *1 (denying motion for certification because
"[u]nlike typical civil litigation, where the denial of a motion
to dismiss would be followed by months or even years of
discovery, this case is presently suited for summary
disposition," which could be decided "in a matter of months");
*United States ex rel. Barko v. Halliburton Co*., 4 F. Supp. 3d
162, 167 (D.D.C. 2014) (denying motion for certification in part
because "[t]o pause litigation so close to the end of discovery
and so near the deadline for summary judgment briefing would
waste judicial resources."). While some of the cases cited were
poised for a quicker resolution than is the case here, *see*
*Washington Tennis & Educ. Found., Inc. v. Clark Nexsen*, Inc.,
324 F. Supp. 3d, 128, 146 (D.D.C. 2018) ("Once calendared, trial
on Defendant's counterclaim can be accomplished in less than a
week."); *Brown v. Pro Football Inc*., 812 F. Supp. 237, 239
(D.D.C. 1992) ("Given that the trial on damages is imminent, it
is evident that it would not expedite the ultimate termination
of this litigation to delay proceedings for an interlocutory
appeal."); *Singh v. George Washington Univ*., 383 F. Supp. 2d 99,

105 (D.D.C. 2005) ("With this litigation poised for a relatively
short, limited trial, it would not materially advance the
termination of the litigation to authorize a piecemeal
appeal."), this case will be poised for resolution within six
months; an immediate appeal would hardly materially advance its
ultimate termination.

Since the President has failed to meet his burden of
establishing "that an immediate appeal from the order may
materially advance the ultimate termination of the litigation,"
28 U.S.C. § 1292(b), the Court need not consider whether the
President has met his burden of establishing the other two
criteria for certifying an order for an immediate appeal. *See*
*Educ. Assistance Found.*, 2014 WL 12780253, at *3 ("The plaintiff
having failed to establish that the Court's ruling on the
admissibility of the subject document presents a controlling
question of law, and that an interlocutory appeal would
materially advance the litigation, the Court need not consider
whether there exists a substantial ground for a difference of
opinion regarding the document's admissibility.") (citing 28
U.S.C. § 1292(b) and *Ahrenholz,* 219 F.3d at 676 ("Unless all
these criteria are satisfied, the district court may not and
should not certify its order to us for an immediate appeal under
section 1292(b)."); *Baylor v. Mitchell Rubenstein & Assocs.*, No.
13-1995, 2014 WL 12644263, at *2 (D.D.C. July 30, 2014) ("But

even if the Court were able to find that substantial grounds for difference of opinion did exist, it would nonetheless deny the motion for certification because plaintiff has not demonstrated that this case satisfies section 1292(b)'s third requirement: 'that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'") (citation omitted).

The President argues that the exceptional circumstances of this case make certification for interlocutory appeal appropriate. *See* Def.'s Br., ECF No. 60-1 at 10-13. But "even if the circumstances [are] truly extraordinary . . . that would favor certification only if all the criteria required by § 1292(b) are otherwise met." *District of Columbia v. Trump*, 344 F. Supp. 3d 828, 842 (D. Md. 2018). As explained above, the President has failed to meet his burden of demonstrating the third element of the section 1292(b) test.

The President also moves to stay proceedings: (1) while the Court considers the section 1292(b) motions; and (2) pending appeal if the Court grants the motions. Def.'s Suppl. Br., ECF No. 71-1 at 25. Because the Court has denied the President's motions for certification, his request to stay proceedings pending consideration of the motions and pending appeal if the motion is granted are **DENIED** as **MOOT.**

Accordingly, it is hereby

**ORDERED** that [60] the President's motion for certification

for interlocutory appeal of the Court's September 28, 2018 Order

is **DENIED;** and it is further

**ORDERED** that [71] the President's motion for certification

for interlocutory appeal of the Court's April 30, 2019 Order and

for stay is **DENIED.**

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
                **United States District Judge**
                **June 25, 2019**