# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>*Defendant*. | No. 17-cv-1154-EGS |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR CERTIFICATION OF THE COURT'S SEPTEMBER 28, 2018 AND APRIL 30, 2019 ORDERS PURSUANT TO 28 U.S.C. § 1292(b) AND FOR A STAY PENDING APPEAL

Pursuant to this Court's minute order of July 22, 2019, Defendant Donald J. Trump, President of the United States, submits this supplemental brief to address the issues raised in the D.C. Circuit's Order in *In re Trump*, No. 19-5196, Doc #1798164 (D.C. Cir. July 19, 2019) (per curiam) ("D.C. Cir. Order"). In light of the Court of Appeals' "view that [this Court's September 28 and April 30 Orders] squarely meet the criteria for certification under Section 1292(b)," *id.* at 1, the Government respectfully requests that the Court certify those Orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Government further requests that, if this Court grants the § 1292(b) motion, it also stay all proceedings pending interlocutory appeal "given the separation of powers issues present in a lawsuit brought by members of the Legislative Branch against the President of the United States," particularly where, as here, the discovery concerns the President's personal finances by virtue of his holding office. *Id.* at 2. If the Court denies the § 1292(b) motion or the stay of proceedings pending interlocutory appeal, the Government asks that the Court continue the temporary stay of discovery it put in place on

July 19, 2019 for a reasonable period of time to allow the Government to determine whether to seek further review and for any application to be considered in an orderly manner.

## BACKGROUND

On July 19, 2019, the Court of Appeals denied without prejudice the President's petition for a writ of mandamus as to this Court's refusal to dismiss this case on standing or cause of action grounds. *See* D.C. Cir. Order. The Court of Appeals also denied without prejudice the President's alternative request for a writ of mandamus directing this Court to certify its September 28, 2018 and April 30, 2019 Orders ("Dismissal Orders") for interlocutory appeal. Notwithstanding that denial, the Court of Appeals expressed its "view that [the Dismissal Orders] squarely meet the criteria for certification under Section 1292(b)." *Id*. at 2. It further observed that, in light of the separation of powers issues presented in this suit, this Court should have addressed whether resolving the legal questions of standing and cause of action and/or postponing discovery would be preferable. *See id.* The Court of Appeals explained that "[i]n an inter-branch dispute like this, those important and open threshold questions of pure law are best resolved conclusively through an expedited interlocutory appeal with focused briefing and oral argument . . . ." *Id.*

The Court of Appeals thus "remand[ed] the matter" to this Court for "immediate reconsideration of the motion to certify and the motion to stay the proceedings." *Id.* The D.C. Circuit also retained jurisdiction "over the decision whether to grant any petition for permission to appeal," should this Court grant § 1292(b) certification on remand, or "any subsequent petition for writ of mandamus, should [this Court] deny certification upon remand." *Id.* On the same day, this Court *sua sponte* issued a temporary stay of discovery pending further order of this Court. *See* Minute Order, July 19, 2019.

## ARGUMENT

In light of the D.C. Circuit's conclusion that this Court's Dismissal Orders satisfy the criteria for § 1292(b) certification and for all the reasons set forth in the Government's prior

briefing on the issue, *see* ECF Nos. 60-1, 62, 71-1, 77, this Court should promptly certify its Dismissal Orders for interlocutory appeal under 28 U.S.C. § 1292(b).

Moreover, this Court should stay all proceedings in this case pending interlocutory appeal. Plaintiffs have already issued 37 subpoenas directed at various entities seeking information about the President's financial interests in various businesses. As the Government explained in its prior briefing, *see, e.g.*, ECF No. 71-1 at 20, such intrusive discovery into the President's personal finances on account of his office raises "weighty separation of powers objections," *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 391 (2004) (quoted in D.C. Cir. Order 2), including that it risks "distract[ing]" the President "from the energetic performance of [his] constitutional duties," *id.* at 381-82. Indeed, the D.C. Circuit specifically directed this Court to consider "whether postponing discovery would be preferable" or "whether discovery is even necessary to establish whether there is an entitlement to declaratory and injunctive relief of the type sought by plaintiffs." D.C Cir. Order at 2. The Court further observed that "given separation of powers concerns, avoiding unnecessary burdens on the President 'is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery[].'" *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 707 (1997)). Moreover, Plaintiffs cannot seriously contest that this suit has been and will continue to be, at least in part, an attempt to invoke the Judicial Branch to mount a direct challenge to the President by members of a coordinate Branch.

The separation-of-powers concerns are especially heightened here because the "claims directly against [the] sitting President" are "unprecedented," *In re Trump*, No. 18-2486, 2019 WL 2997909, at *8 (4th Cir. July 10, 2019), and because, as the D.C. Circuit recognized, there is substantial ground for difference of opinion as to whether Plaintiffs even have standing or a cause of action to proceed in this case, *see* D.C. Cir. Order at 1 ("This court is of the view that those [dismissal] orders squarely meet the criteria for certification under Section 1292(b)."). As the D.C. Circuit said, "those important and open threshold questions of pure law" can be "resolved conclusively through an expedited interlocutory appeal with focused briefing and oral

argument." *Id.* at 3.  Thus, this Court should await resolution of those threshold issues before allowing discovery to proceed.  The limited stay would also be in the public interest because again, allowing discovery into the President's financial affairs on account of his office now necessarily would disturb the separation of powers and impair the President's exercise of his constitutional duties.

In contrast, Plaintiffs will not be harmed by a stay pending interlocutory appeal. Plaintiffs have not sought preliminary injunctive relief in this litigation, despite the purported harm they claim to face, which undermines any assertion that time is of the essence.  Moreover, any delay is likely to be brief.  The D.C. Circuit opined that the threshold issues of standing and cause of action can quickly be resolved "through an expedited interlocutory appeal." D.C. Cir. Order at 2.  Plaintiffs also cannot complain that they will be prejudiced by a temporary stay because it is questionable whether any discovery is needed to prove a violation and obtain relief under Plaintiffs' own broad theory of "emolument" and the sweeping injunction they sought in their complaint.  According to the theory offered by Plaintiffs, and accepted by this Court, any foreign government benefit received by any business in which the President has a financial interest constitutes a prohibited Emolument, and Plaintiffs further contend that the President has already acknowledged such receipt.  *See* 2d Am. Compl. ¶ 37, ECF No. 83.  Even if the D.C. Circuit holds on interlocutory appeal that Plaintiffs may proceed in this case, it would still be more efficient to conduct discovery following any guidance the Court of Appeals may provide.

For these reasons, the Government respectfully requests that the Court certify its Dismissal Orders for interlocutory appeal and stay all district court proceedings.  If the Court declines to grant § 1292(b) certification or denies the stay of proceedings, then the Government asks that the Court continue the temporary stay issued on July 19, 2019 for a reasonable period of time to allow both the Government to determine whether to seek further review and for any application to be considered in an orderly manner.

Dated:  July 29, 2019                                             Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
JEAN LIN
JAMES R. POWERS
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Phone: (202) 305-0878
Fax: (202) 616-8202
Email: Bradley.Humphreys@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2019, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ *Bradley P. Humphreys*
                                        BRADLEY P. HUMPHREYS