**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>*Defendant*. | No. 17-cv-1154-EGS |

**DEFENDANT'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF HIS MOTION
FOR CERTIFICATION OF THE COURT'S SEPTEMBER 28, 2018 AND APRIL 30, 2019
ORDERS PURSUANT TO 28 U.S.C. § 1292(b) AND FOR A STAY PENDING APPEAL**

Pursuant to this Court's minute order of July 22, 2019, Defendant Donald J. Trump, President of the United States, submits this supplemental reply brief in response to Plaintiffs' Supplemental Opposition Brief, ECF No. 94 ("Opp'n"). The D.C. Circuit's Order in *In re Trump*, No. 19-5196, Doc #1798164 (D.C. Cir. July 19, 2019) (per curiam) ("D.C. Cir. Order") was clear that this Court should certify its September 28, 2018 and April 30, 2019 Orders ("Dismissal Orders") for interlocutory appeal and that the separation-of-powers concerns raised by these proceedings warrant a stay pending appeal. D.C. Cir. Order at 1 (concluding the Dismissal Orders "squarely meet the criteria for certification under Section 1292(b)"); *see also id.* at 2 ("given the separation of powers issues present in a lawsuit brought by members of the Legislative Branch against the President of the United States," this Court should have addressed whether "resolving the legal questions and/or postponing discovery" first was preferable).

Plaintiffs' supplemental brief opposing that relief provides no persuasive basis to do otherwise. Accordingly, the Court should grant certification of the Dismissal Orders pursuant to 28 U.S.C. § 1292(b) and should stay all district court proceedings pending that appeal.

## ARGUMENT

**I.     SECTION 1292(b) CERTIFICATION SHOULD BE GRANTED.**

In light of the D.C. Circuit's conclusion that this Court's Dismissal Orders satisfy the criteria for § 1292(b) certification, Plaintiffs concede that the orders should be certified for interlocutory appeal absent a change to this case's current posture. *See* Opp'n at 2–3 (stating that the Court "should certify an appeal expeditiously" if it declines to modify the scheduling order or "agrees" with the D.C. Circuit's holding that this Court's Dismissal Orders "'squarely meet the criteria for certification under Section 1292(b)'") (quoting D.C. Cir. Order at 1). The Court should accordingly grant certification.

Nonetheless, Plaintiffs argue that certification should not be granted because they are willing to forgo discovery if "this Court agrees" that discovery is unnecessary to establish Plaintiffs' entitlement to relief and that the Court can craft an appropriate form of equitable relief without evidence that may be adduced in discovery. Opp'n at 2, 7. Plaintiffs contend that, if discovery does not proceed, the Court could modify the scheduling order, order expedited summary judgment briefing and, therefore, an interlocutory appeal would not materially advance the ultimate termination of the litigation. *See id.* at 7–8.

But declining to certify the Dismissal Orders would be squarely contrary to the Court of Appeals' decision. That decision held that it was an abuse of discretion to "conclud[e] that an immediate appeal would not advance the ultimate termination of the litigation just because discovery *and summary judgment briefing* could proceed expeditiously." D.C. Cir. Order at 2 (emphasis added). The Court of Appeals thus already took account of the possibility that summary judgment could occur quickly and concluded that the Dismissal Orders nonetheless warrant interlocutory review. *See id.* ("In an inter-branch dispute like this, those important and open threshold questions of pure law are best resolved conclusively through an expedited

interlocutory appeal . . . ."). Indeed, the Court of Appeals held that it is "unsettled" whether Plaintiffs have a "cause of action against the President" in these proceedings and whether Members of Congress in Plaintiffs' position have standing in light of the Supreme Court's recent decision in *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019). D.C. Cir. Order at 1. Proceeding directly to summary judgment does nothing to obviate these "substantial questions," *id.*, or the separation of powers concerns that attend them. Moreover, even forgoing discovery would not resolve the separation of powers difficulties with a suit that improperly names the President as a defendant and where the relief requested would affect the President's personal financial affairs on account of the office he holds. Bypassing discovery would not avoid the need for certification identified by the Court of Appeals in light of the burdens on the President arising from this litigation. D.C. Cir. Order at 2 (referring to "separation of powers issues present" in this kind of lawsuit between the President and members of the Legislative Branch and the importance of "avoiding unnecessary burdens on the President" arising from litigation) (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997)).

   Moreover, Plaintiffs' proposal is procedurally defective. Plaintiffs have numerous subpoenas outstanding, and the current scheduling order provides for a discovery period. Plaintiffs have not withdrawn those subpoenas, nor filed a motion to modify the scheduling order and demonstrated good cause to do so. *See* Local Civil Rule 16.4(a). Plaintiffs' suggestion that the Court pre-judge the merits of these proceedings and provisionally decide their entitlement to relief in the absence of any evidence or argument does not suffice to do either.

   In any event, Plaintiffs have not even disclaimed their purported need for discovery: they assert that it "will best enable" them to prove their entitlement to relief, Opp'n at 1, and are willing to forgo discovery *only if* the Court decides they should prevail on their claims based on various assertions in their supplemental brief, *id.* at 2, 7. The Court should reject this half-hearted and procedurally infirm attempt to avoid the clear import of the Court of Appeals' ruling.

In short, for the reasons stated in the D.C. Circuit's Order and those set forth in the Government's prior briefing on the issue, *see* ECF Nos. 60-1, 62, 71-1, 77, this Court should promptly certify its Dismissal Orders for interlocutory appeal under 28 U.S.C. § 1292(b).

## II.     A STAY OF PROCEEDINGS SHOULD BE GRANTED.

This Court should also stay all proceedings in this case pending interlocutory appeal. Plaintiffs oppose by largely restating their prior arguments to this Court. The Government accordingly incorporates by reference its prior briefing on this issue. *See* ECF No. 71-1 at 19–21, ECF No. 77 at 4–5. In short, further proceedings in this case would necessarily distract the President from his official duties and Plaintiffs will not be harmed by a brief stay of these proceedings, certainly not to an extent that would outweigh the separation of powers problems inherent in this case. *See* D.C. Cir. Order at 2 (concluding that separation of powers problems required determining whether to postpone further discovery pending interlocutory review); *see also Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 391 (2004) ("[T]he high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." (quoting *Clinton*, 520 U.S. at 707 (second alteration in original)).

Two additional points warrant further discussion, however. First, Plaintiffs contend that, to obtain a stay, the Government must meet the four-factor test set forth in *Nken v. Holder*, 556 U.S. 418 (2009). They argue that the Government's citation of the *Nken* standard before the D.C. Circuit indicates the Government has abandoned the argument that that standard does not apply here. Opp'n at 10 n.3. Not so. Whether a court of appeals should reach out to stay proceedings in a district court presents an entirely different question from whether a district court should stay its own case pending proceedings in another court. In the latter scenario, the district court may exercise the "power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v.*

*N. Am. Co.*, 299 U.S. 248, 254 (1936). For the reasons discussed in the Government's prior supplemental reply brief, ECF No. 77 at 2–4, the *Nken* standard does not apply here.[1]

Second, Plaintiffs assert that they will "forgo any discovery directed at President Trump during the pendency of an interlocutory appeal," including discovery concerning "the President's financial documents" and interrogatories to the President seeking sources for third-party subpoenas. Opp'n at 22. They contend that this concession eliminates the burdens on the President associated with this case because the other discovery served concerns third party entities that the President does not manage. *Id.* at 19. But the D.C. Circuit already held that separation of powers problems are inherent in this inter-branch dispute and did so aware of the fact that Plaintiffs have not yet served discovery on the President personally or on Executive Branch agencies. Rather, the D.C. Circuit was aware of the 37 subpoenas already issued to various entities seeking information about the President's financial interests in various businesses on account of his office—*none* of which Plaintiffs have even proposed to withdraw— and held that this Court should "avoid[] unnecessary burdens on the President" in determining the course of these proceedings. D.C. Cir. Order at 2 (quoting *Clinton*, 520 U.S. at 707). Plaintiffs cannot avoid the "weighty separation of powers objections" raised by the President and acknowledged by the D.C. Circuit, *Cheney*, 542 U.S. at 391 (quoted in D.C. Cir. Order at 2), by agreeing not to serve discovery on the President during the pendency of an interlocutory appeal. Regardless of the particular recipients of discovery requests, the risk that these proceedings may "distract" the President "from the energetic performance of [his] constitutional duties," *Cheney*,

---

[1] Even were the Court to apply the *Nken* standard, it is met here for the reasons set forth in prior briefing. ECF No. 71-1 at 19–21, ECF No. 77 at 4–5. That is particularly evident in light of the D.C. Circuit's Order on the mandamus petition. Plaintiffs' arguments against the Government's likelihood of success on the merits are inconsistent with the D.C. Circuit's conclusion that the Government has raised "substantial questions concerning standing and the [existence of a] cause of action." D.C. Cir. Order at 1. So too Plaintiffs' arguments concerning irreparable injury, harm to plaintiffs, and the public interest—each wilts in the face of the Court of Appeals' conclusion that the separation of powers problems inherent in this suit warrant immediate appellate review and the potential postponement of discovery and further proceedings. *Id.* at 2.

542 U.S. at 381–82, itself demonstrates precisely the kind of harm that the Supreme Court, and the D.C. Circuit here, has instructed courts to avoid.

## CONCLUSION

For these reasons, the Government respectfully requests that the Court certify its September 28, 2018 and April 30, 2019 Dismissal Orders for interlocutory appeal and stay all district court proceedings. If the Court declines to grant § 1292(b) certification or denies the stay of proceedings, then the Government asks that the Court continue the temporary stay issued on July 19, 2019 for a reasonable period of time to allow both the Government to determine whether to seek further review and for any application to be considered in an orderly manner.

Dated: August 12, 2019                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *James R. Powers*
JEAN LIN
Special Counsel
BRADLEY P. HUMPHREYS
JAMES R. POWERS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Phone: (202) 353-0543
Email: James.R.Powers@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 12, 2019, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

              /s/ *James R. Powers*
              JAMES R. POWERS