**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| Senator RICHARD BLUMENTHAL, ) | |
| *et al.*, ) | |
| ) | |
|         Plaintiffs, ) | |
| ) | |
|      v. )Civil Action No. 17-1154 (EGS) | |
| ) | |
| DONALD J. TRUMP, in his official ) | |
| capacity as President of the ) | |
| United States, ) | |
| ) | |
|         Defendant. ) | |
| _____) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

The Court has issued three Opinions in this case. In its September 28, 2018 Opinion, the Court held that plaintiffs, approximately 201 Members of the 535 Members of the United States Senate and House of Representatives, had standing to sue defendant Donald J. Trump in his official capacity as President of the United States ("the President") for alleged violations of the Foreign Emoluments Clause ("the Clause"). *See Blumenthal v. Trump*, 335 F. Supp. 3d 45, 72 (D.D.C. 2018). In its April 30, 2019 Opinion, the Court held that: (1) the term "Emolument" is broadly defined as any profit, gain, or advantage; (2) plaintiffs stated a plausible claim against the President for violations of the Clause; (3) plaintiffs have a cause of action to seek injunctive relief to prevent the President's violations of the Clause; and (4) the relief plaintiffs seek—an

injunction against the President—is constitutional. *See Blumenthal v. Trump*, 373 F. Supp. 3d 191, 207, 211, 212 (D.D.C. 2019). In its June 25, 2019 Memorandum Opinion and Order, the Court denied the President's motions for certification for interlocutory appeal of the Court's September 28, 2018 Order, April 30, 2019 Order ("collectively 'dismissal orders'"), and for stay. *See Blumenthal v. Trump* ("*Blumenthal III*"), 382 F. Supp. 3d 77, 79 (D.D.C. 2019).

Thereafter, the President petitioned the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") for a writ of mandamus against this Court's orders denying the President's motion to dismiss and motion for certification for interlocutory appeal. *See* Def.'s Notice of Pet. for Writ of Mandamus, ECF No. 90. On July 19, 2019, the D.C. Circuit denied the petition for writ of mandamus without prejudice. *In re Donald J. Trump*, No. 19-5196, 2019 WL 3285234 (D.C. Cir. July 19, 2019). In so doing, the D.C. Circuit stated that "[a]lthough Petitioner has identified substantial questions concerning standing and the cause of action, he has not shown a clear and indisputable right to dismissal of the complaint in this case on either of those grounds." *Id.* at *1. However, the D.C. Circuit remanded this matter "for immediate reconsideration of the motion to certify and the motion to stay the proceedings," stating that this Court

> did not adequately address whether—given the separation of powers issues present in a lawsuit brought by members of the Legislative Branch against the President of the United States—resolving the legal questions and/or postponing discovery would be preferable, or whether discovery is even necessary (or more limited discovery would suffice) to establish whether there is an entitlement to declaratory and injunctive relief of the type sought by plaintiffs.

*Id.*

Upon receipt of the Order, the Court *sua sponte* temporarily stayed discovery until further Order of the Court, *see* Minute Order, July 19, 2019; and thereafter ordered expedited supplemental briefing limited to the issues raised in the D.C. Circuit's Order, *see* Minute Order, July 22, 2019. The supplemental briefing is now ripe for resolution by the Court.

The President urges the Court to certify its dismissal orders for interlocutory appeal and stay all proceedings pending the appeal. Def.'s Suppl. Br. in Supp. of His Mot. for Certification of the Court's Sept. 28, 2018 and April 30, 2019 Orders Pursuant to 28 U.S.C. § 1292(b) and For a Stay Pending Appeal, ECF No. 93 at 2-3.[1]

Plaintiffs argue that "they believe that limited discovery focused on the third-party businesses through which the

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

President is accepting foreign-government benefits will best
enable this Court to determine which of those entities are
accepting foreign-government benefits of the various types
identified in Plaintiffs' complaint." Pls.' Suppl. Br. in Opp'n
to Def.'s Mot. for Certification Pursuant to 28 U.S.C. § 1292(b)
and Motion For a Stay Pending Appeal, ECF No. 94 at 10-11.
Plaintiffs state that this limited discovery is "necessary to
identify the specific companies in which President Trump holds a
verified ownership interest that are receiving each of the
aforementioned categories of financial benefits from foreign
governments." *Id.* at 11.

However, recognizing that it is publicly known that the
Trump Organization has established a "voluntary procedure by
which [it] identifies and donates to the U.S. Treasury profits
from foreign government patronage at its hotels and similar
businesses," plaintiffs state that discovery is not necessary
"to allow this Court to grant declaratory and injunctive relief
barring the President from accepting foreign emoluments with
congressional consent" with regard to some benefits that qualify
as emoluments under this Court's April 30, 2019 Memorandum
Opinion. *Id.* Plaintiffs state that there is also publicly
available information about some of the foreign trademarks that
have been provisionally approved. *Id.* Further, plaintiffs state
that "[i]f this Court agrees that it could rely on these

materials to resolve this case on summary judgment, [p]laintiffs are prepared to forgo discovery and to file a motion for summary judgment on an expedited basis." *Id.* at 13. Plaintiffs contend that if the Court orders expedited summary judgment briefing, certification for an interlocutory appeal would be inappropriate because it would not "materially advance the ultimate termination of the litigation" and because the D.C. Circuit's separation-of-powers concerns would be obviated. *Id.* at 13-14.

The President responds that plaintiffs' suggestion is "squarely contrary" to the D.C. Circuit's decision, noting that it had taken "account of the possibility that summary judgment could occur quickly and concluded that the Dismissal Orders nonetheless warranted interlocutory appeal." Def.'s Suppl. Reply Br. in Supp. of His Mot. for Certification of the Court's Sept. 28, 2018 and April 30, 2019 Orders Pursuant to 28 U.S.C. § 1292(b) and For a Stay Pending Appeal, ECF No. 95 at 2.

The Court is persuaded that the plaintiffs' proposals to forgo discovery and/or engage in expedited summary judgment briefing would be inconsistent with the remand order from the D.C. Circuit. Critically, this Court had denied the motions because "in view of th[e] abbreviated discovery and briefing schedule, the President has not 'carried his burden of demonstrating that interlocutory appeal of this question at this point in time would materially advance the litigation as a

5

whole.'" *Blumenthal III*, 382 F. Supp. 3d at 81 (quoting *Judicial Watch Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 29 (D.D.C. 2002)).

A District Court may certify an interlocutory order for immediate appeal if the judge is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In the remand order, the D.C. Circuit stated that it "is of the view that th[e dismissal] orders squarely meet the criteria for certification under Section 1292(b)," noting that:

> The question of whether the Foreign Emoluments Clause, U.S. CONST. Art. I, § 9, cl. 8, or other authority gives rise to a cause of action against the President is unsettled, and the standing question arises at the intersection of precedent. *Compare Virginia House of Delegates v. Bethune-Hill*, --- U.S. ----, 139 S. Ct. 1945, --- L. Ed. 2d ---- (2019), with *Coleman v. Miller*, 307 U.S. 433, 59 S. Ct. 972, 83 L. Ed. 1385 (1939). In addition, because either of those issues could be dispositive of this case, it appears to this court that the district court abused its discretion by concluding that an immediate appeal would not advance the ultimate termination of the litigation just because discovery and summary judgment briefing could proceed expeditiously.

*In re Donald J. Trump*, 2019 WL 3285234, at *1. Accordingly, the Court will certify the dismissal orders for immediate appeal pursuant to 28 U.S.C. § 1292(b).

The Court will also stay proceedings[2] in this case pending the interlocutory appeal. *See Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").[3]

Accordingly, it is hereby

**ORDERED** that [82] Memorandum Opinion and Order dated June 25, 2019 is **VACATED**; and it is further

**ORDERED** that [60] the President's motion for certification for interlocutory appeal of the Court's September 28, 2018 Order is **GRANTED**; and it is further

**ORDERED** that [71] the President's motion for certification for interlocutory appeal of the Court's April 30, 2019 Order and for stay is **GRANTED**; and it is further

---

[2] Section 1292(b) provides that an "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

[3] Because the Court has the inherent power to stay proceedings on its calendar, it need not consider the factors to be considered by a court of appeals when deciding whether to stay proceedings in a district court pending appeal. *Nken v. Holder*, 556 U.S. 418 (2009).

**ORDERED** that the dismissal orders are certified for immediate appeal pursuant to 28 U.S.C. § 1292(b).

**SO ORDERED.**

Signed:     **Emmet G. Sullivan**
            **United States District Judge**
            **August 21, 2019**